# CIRCUIT COURT OF BALTIMORE CITY.

Filed September 18, 1922.

ERNEST T. NEWELL, TRADING AS E. T. NEWELL & CO.,
VS.
FLORENCE G. BEACH, TRUSTEE, AND THOMAS F. McNULTY, SHERIFF.

*Fisher & Fisher* for plaintiff.
*Robert W. Beach* and *Alexander Armstrong* for the defendants.

BOND, J.—

My conclusions are against the contentions of the complainant. In the first place, the ground on which the injunction is sought in this suit could have been set up as a defense to the summary proceeding before the Peo-

ples' Court and on appeal before the Baltimore City Court, and that being true, it cannot be set up anywhere else. Under Article 5, section 86, of the Code, the Baltimore City Court on appeal (as was remarked at the hearing) determines the case "according to law and the equity and right of the matter." And I find that in a similar case the Court of Appeals has said:

"We deem it proper to add further that in the opinion of this Court the appellee was entitled to avail himself of whatever equitable right or claim he might possess under a contract for the renewal or extension of his lease, in defense of the summary proceedings instituted against him by his landlord before the justice of the peace and in the Court of Common Pleas on appeal, and if determined against him in that tribunal he is not entitled to resort to a court of equity for relief." Gelston vs. Sigmund, 27 Md. 334; Lyday vs. Douple, 17 Md. 188, 195.

I think, furthermore, the complainant could not in equity be treated as having secured the right to renewal by the notice of intention averred to have been mailed, but which, by the verdict on appeal, is determined not to have reached the landlord.

An interlocutory injunction will not therefore be issued. As the question of law has been presented fully, and these conclusions will result in a final disposition of the case on that question, a final decree, from which an appeal to the Court of Appeals may be taken immediately, will be signed if the complainant wishes it.